J-S01024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHARVONNE ROBBINS | |
| Appellant | No. 1470 EDA 2015 |

Appeal from the PCRA Order May 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0400013-1992

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:          **FILED JANUARY 13, 2016**

Appellant, Sharvonne Robbins, appeals from the May 5, 2015 order dismissing, as untimely, her third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On July 26, 1994, the trial court imposed an aggregate sentence of life imprisonment after Appellant was convicted of second-degree murder, robbery, possessing an instrument of a crime, and criminal conspiracy.[1]  This Court affirmed Appellant's judgment of sentence on March 16, 1995. ***Commonwealth v. Robbins***, 660 A.2d 657 (Pa. Super. 1995) (unpublished memorandum).  As Appellant did not file a petition for allowance of appeal

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a), 907(a), and 903(a), respectively.

with our Supreme Court, her judgment of sentence became final on April 17, 1995, when the period for filing an *allocatur* petition expired.[2] ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). Appellant filed PCRA petitions in 1997 and 2007, neither of which garnered her any relief. Appellant filed the instant petition on June 10, 2010; as a result, it was facially untimely.

Instantly, Appellant argues that her petition is timely under the new constitutional right exception because the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), should be retroactively applied. Appellant's Brief at 14, 17-20. However, our Supreme Court has rejected this argument.[3] ***Commonwealth v. Cunningham***, 81

---

[2] We note that the 30th day fell on Saturday, April 15, 1995. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely *allocatur* petition was on Monday, April 17, 1995.

[3] On March 23, 2015, the Supreme Court granted *certiorari* in ***Montgomery v. Louisiana***, 135 S. Ct. 1546 (2015), which presents the ***Miller*** retroactivity question. Nonetheless, until the United States Supreme Court
*(Footnote Continued Next Page)*

A.3d 1, 11 (Pa. 2013), *cert. denied*, **Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014). To the extent Appellant's brief can be read to argue that this Court should give broader retroactive effect to **Miller** under **Danforth v. Minnesota**, 552 U.S. 264 (2008), this Court lacks the judicial power to decide that question for the purposes of the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's May 5, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2016

---

*(Footnote Continued)* ―――――――――

issues its decision, **Cunningham** remains dispositive of the issue in Pennsylvania.